NEWPORT TRIAL GROUP
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@trialnewport.com
David W. Reid, Bar No. 267382
dreid@trialnewport.com
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Ex. Rel., RANDY CARVER,<br><br>Plaintiff,<br><br>vs.<br><br>FACTOR NUTRITION LABS, LLC.; VITAL BASICS, INC.; WALGREEN CO. and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.  CV-10-02529 EDL<br><br>**FIRST AMENDED COMPLAINT FOR FALSE PATENT MARKING**<br><br>**JURY TRIAL DEMANDED** |

## I. INTRODUCTION

1. This lawsuit is brought to stop sophisticated Defendants from luring vulnerable, elderly consumers into paying an outrageous price for a worthless dietary supplement – namely, FOCUSfactor® Memory Booster ("FOCUSfactor®") – by falsely claiming that the product is patented (it is not).  Based upon defendants' affiliate

marketers' claims that FOCUSfactor® is patented, Defendants have sold over 4,000,000 bottles of FOCUSfactor® and generated over $100,000,000 in revenues.

2. The false claims regarding FOCUSfactor®'s patent rights have misled consumers into paying an outrageous price for FOCUSfactor®, have stifled innovation by discouraging research and development of competing products, and have injured the general public by distorting the marketplace.

## II. JURISDICTION, VENUE, AND STANDING

3. This Court has subject matter jurisdiction pursuant to 35 U.S.C. §292(b) and 28 U.S.C. § 1338(a).

4. Defendants are subject to personal jurisdiction in this District because they conduct business in this district and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice.

5. Venue is proper in this District under 28 U.S.C. §§1391(c) and 1395(a), because Defendants' products that are the subject of this Complaint are advertised for sale, offered for sale, and sold within this judicial district.

6. Plaintiff possesses the requisite standing required by Article III of the United States Constitution pursuant to 35 U.S.C. §292(b), which confers upon any person the right to sue for civil monetary penalties, restitution, and injunctive relief for false patent marking.

## III. THE PARTIES

**A.     The Plaintiff**

7. Plaintiff, RANDY CARVER, is a California citizen who believes in the importance of a fair and competitive market for the manufacture, marketing, sale, and distribution of consumer products. He also purchased FOCUSfactor® at Walgreens in early 2010.

///

**B.     The Defendants**

8.     Defendant VITAL BASICS, INC. is a corporation doing business throughout the United States that owns, advertises, and distributes the FOCUSfactor® brand of memory supplements.

9.     Defendant FACTOR NUTRITION LABS, LLC is a limited liability company located in Portland, Maine and doing business throughout the United States that owns, advertises and distributes the FOCUSfactor® brand of memory supplements.

10.    Defendant WALGREEN CO. is a corporation doing business throughout the United States that independently advertises and sells the FOCUSfactor® brand of memory supplements.

11.    Plaintiffs do not know the true names or capacities of the persons or entities sued herein as DOES 1 to 10, inclusive, and therefore sue such Defendants by such fictitious names. Plaintiffs will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained.

## IV. BACKGROUND FACTS

**A.     The Purpose of this Action**

12.    The purpose of this lawsuit is to act in the public interest to enforce the policy underlying the false marking statute, 35 U.S.C. §292.

**B.     The Policy of the Patent Marking Statute**

13.    The patent marking statute (35 U.S.C. §287 and the false patent marking statute (35 U.S.C. §292) exist to ensure that the public has accurate information regarding the existence, scope, and nature of patent rights.

14.    The purposes of the patent marking statute were explained by the Federal Circuit in *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1443 (Fed. Cir. 1998), as: (1) helping to avoid innocent infringement, (2) encouraging patentees to give notice to

the public that the article is patented, and (3) aiding the public to identify whether an article is patented.

15.   Over half a century ago, the Supreme Court stated in *Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery*, 324 U.S. 806, 816 (1945), that patents by their very nature are affected with a public interest:

> *The possession and assertion of patent rights are 'issues of great moment to the public.' A patent by its very nature is affected with a public interest. As recognized by the Constitution, it is a special privilege designed to serve the public purpose of promoting the 'Progress of Science and useful Arts.' At the same time, a patent is an exception to the general rule against monopolies and to the right to access to a free and open market.*

16.   The Patent Act of 1952 provides a *qui tam* cause of action on behalf of the public to fine the offender in an amount of up to $500 for each falsely marked article, with half of any recovery paid to the United States government and half of any recovery paid to the plaintiff bringing the action.

17.   False marking of unpatented articles as "patented" is injurious to the public Interest in at least the following ways:

- Acts of false marking deter innovation and stifle competition in the marketplace.
- False marks deter scientific research when an inventor sees a mark and decides to forgo continued research to avoid possible infringement.
- False marking can cause unnecessary investment in design around or costs incurred to analyze the validity or enforceability of a patent whose number has been marked upon a product with which a competitor would like to compete.

- Additionally, consumers who see a product as "patented" are likely to infer the product possesses design or utilitarian features that are unique to such article, and not available in substitute articles from other producers, thus inducing consumer demand for the marked article and causing consumers to pay an artificial premium for the product.

**C.    Defendants' False Marking in Violation of the Patent Act**

18.    Defendants Vital Basics, Inc. and Factor Nutrition Labs, LLC manufacture, advertise, license, and distribute the FOCUSfactor® brand of memory-booster dietary supplements. Defendant Walgreen Co. independently advertises the product in media over which it has exclusive control and also distributes the product. Additionally, Defendants utilize a great number of affiliate marketers to drive internet traffic to the FOCUSfactor® homepage. Defendants' affiliate marketers claim that FOCUSfactor® is superior to competing brands of memory supplements because it is patented.

19.    Based upon the false assertion that the product is patented, Defendants claim that FOCUSfactor® is "America's best selling memory supplement." Defendants Vital Basics, Inc. and Factor Nutrition Labs, LLC, in fact, sold over 4,000,000 bottles of FOCUSfactor® and generated sales in excess of $100,000,000. Defendant Walgreen Co. is believed to have sold over 100,000 bottles of the product.

///

///

///

///

20.     The following picture of the FOCUSfactor® packaging has been widely disseminated by the Defendants:



21.     Defendants' affiliate marketers falsely advertise that FOCUSfactor® is patented.  Specifically, Plaintiff's investigations have yielded over 32 separate and independent incidences in which a patented claim is made by Defendants' affiliate marketers.  While the affiliate marketers' websites are quite unique, the false patent claims from each website repeat with stunning similarity.  Examples of different affiliate marketers' patent claims are as follows:

> *Focus factor is made of **patented** ingredients. It is a **patented** healthy blend of neuroboosters and nutrients which makes your concentration, memory and focus incredibly great.  It is highly recommended and advisable to keep your diet balanced.*

(See http://patrickspithill.com/focus-factor-risk-free-14-day-trial/, an accurate copy of which is attached hereto as Exhibit 1.)

> *There is a solution that may help turbo-charge memory through a **patented** blend of nutrients. That solution is known as Focus Factor. This is a tablet, similar to a vitamin, that's taken once a day to improve memory and focus.*

(See http://www.fresharticleshub.com/?s=focusfactor, an accurate copy of which is attached hereto as Exhibit 2.)

> *There's a solution that may help boost memory thru a **patented** blend of nutrients. That solution is named Focus Factor. This is a pill, similar to a vitamin, that is taken once a day to enhance memory and focus.*

(See http://www.weightlossdietinformation.com/index.php?s=focusfactor, an accurate copy of which is attached hereto as Exhibit 3.)

> *There is a solution that may help raise memory through a **patent-protected** blend of nutriments. That solution is named Focus Factor. This is a pill, like a vitamin, that is taken once a day to boost memory and focus.*

(See http://smarthealthforlife.com/weight-loss/in-order-to-improve-your-memory-use-focus-factor-vitamins, an accurate copy of which is attached hereto as Exhibit 4.)

> *There is a solution that may help boost memory thru a **patented** blend of nutriments. That solution is known as Focus Factor. This is a pill, like a vitamin, thatis* [sic] *taken once per day to improve memory and focus.*

(See http://www.newhealthnfitness.com/2010/01/try-focus-factor-vitamins-in-order-to-improve-your-memory/, an accurate copy of which is attached hereto as Exhibit 5.)

> *There's a solution that will help raise memory thru a **patented** blend of nutriments. That solution is named Focus Factor. This is a pill, like a vitamin, that's taken once per day to enhance memory and focus… There are six different types of vitamin C found in Focus Factor and there also are **patented** neuro boosters that really give the brain the boost it needs to focus, concentrate and improve memory.*

(See http://www.howtoloseweightinaweek.co.uk/?p=275, an accurate copy of which is attached hereto as Exhibit 6.)

22.   In reality, FOCUSfactor® is *not* patented.  Counsel for Plaintiff has exhaustedly researched public records, including the records of the United States Patent & Trademark office (found at www.uspto.gov) that are presumed to be conclusively accurate, and have confirmed that FOCUSfactor® is not patented.

23.   Given the uniformity of some of the specific claims (two examples: [1] "There are six different types of vitamin C found in Focus Factor and there are also patented neuro-boosters", and [2] "There's a solution that may help boost memory thru a patented blend of nutrients"), it stands to reason that at some point the manufacturer provided approved advertising text to its affiliate marketers.  Plaintiff independently confirmed with three affiliate marketers that the offending text was supplied by the manufacturer.

24.   In an effort to curb this extremely deceptive practice, The Federal Trade Commission ("F.T.C.") recently enacted new regulations regarding manufacturers' liability for the conduct of affiliate marketers.  (See http://www.ftc.gov/os/2009/10/091005revisedendorsementguides.pdf, an accurate copy of which is attached hereto as Exhibit 7.)  In relevant part, these regulations provide that a manufacturer is generally liable for any false and misleading claims of its affiliate marketers to the full extent that liability would extend if the manufacturer made such claims itself.

25.   David C. Vladeck, the Director of the Federal Trade Commission Bureau of Consumer Protection, expounded on the guidelines as follows on February 3rd, 2010:

> *I want to note our growing concern about online affiliate marketing.  Marketing affiliates are third parties—often website operators or individuals—who drive traffic to a seller's website in exchange for the payment of a commission from the seller.  Affiliates can do this through several methods, including by sending mass*

> *emails, purchasing sponsored search engine results, or by purchasing internet display ads. The biggest area of concern for the Commission regarding this type of marketing is the fact that in some cases, affiliates are essentially let loose on the public without adequate direction or supervision to ensure that their advertising is truthful and non-misleading…*
>
> *In many circumstances, affiliates have no or very few up-front costs. This structure gives affiliates an incentive to simply drive as much traffic as possible to the seller's website, by using any means that will achieve that goal… We strongly encourage any company who chooses to use affiliates to market its products or services—either directly or through affiliate networks—to take some basic steps to ensure that the advertising messages being disseminated on your behalf are truthful…*
>
> *As with traditional forms of marketing, when you pay third parties to act on your behalf, you cannot absolve yourself of responsibility for whatever actions those third parties might take to sell your product. We urge anyone using affiliate marketing, and affiliates themselves, to be cognizant of the fact that FTC liability for deceptive advertising can potentially reach anyone in the chain between a seller and the ultimate consumer.*

(See http://www.ftc.gov/speeches/vladeck/100203eraspeech.pdf, an accurate copy of which is attached hereto as Exhibit 8.)

26. To differentiate itself from other sellers of FOCUSfactor®, Walgreen Co. also prominently advertises a "100% Satisfaction Guarantee" on all of its products. Given that one of the reasons plaintiff purchased the product was because he believed it to be proprietary, he was obviously not satisfied with his purchase and suffered a competitive injury thereby.

### D. Defendants' Violation of the Patent Act Was Intentional.

27. This case is "exceptional" for purposes of 35 U.S.C. § 285 because Defendants Vital Basics, Inc. and Factor Nutrition Labs, LLC had no reasonable basis upon which to genuinely believe that FOCUSfactor® was patented. Moreover, the Defendants supplied the affiliate marketers with the offending text. The case may also be exceptional as to Defendant Walgreen Co. if Defendant continued to sell the mis-marked product after learning or constructively learning that FOCUSfactor® was not patented.

28. In fact, this is not the first time that Defendants Vital Basics, Inc. and Factor Nutrition Labs, LLC have run afoul of the law by making false claims about FOCUSfactor®. In fact, on March 17, 2004, in a press release entitled "***Marketers of the Supplements "Focus Factor" and "V-Factor" Agree to Settle FTC Charges and Pay $1 Million***" the Federal Trade Commission Noted:

> *Marketers of "Focus Factor," a dietary supplement that purports to improve concentration. . . have agreed to settle Federal Trade Commission charges that they made numerous unsubstantiated advertising claims for the products. In one complaint, the FTC charges Vital Basics, Inc. of Portland, Maine, and its principals, Robert Graham and Michael Shane (VBI respondents), with not having adequate substantiation to back up claims they made about the efficacy of "Focus Factor" and the safety of "V-Factor Natural Pack." The VBI respondents have agreed to a consent order containing provisions designed to prevent them from engaging in similar acts or practices in the future and requiring the payment of $1 million in consumer redress.*

29. The injunction entered by the Federal Trade Commission prohibits Defendants from making any representation about the safety, performance, benefits or efficacy for any food, drug or dietary supplement for "the brain or any mental functions or processes." (See the FTC report at http://www.ftc.gov/opa/-2004/03/vitalbasics.shtm and a true and correct copy of the web scrape attached hereto as Exhibit 9.)

30. This false marking scheme has deceived the public and stifled legitimate competition, allowing Defendants to gain a competitive advantage in the market, where there are now several competing products available for a lower price.

### V. FIRST CAUSE OF ACTION: FALSE PATENT MARKING

31. Plaintiff re-alleges the preceding paragraphs and incorporates them herein by reference.

32. Defendants know that they can charge a premium for dietary supplements that the public perceives to be unique and protected by a patent.

33. Defendants have continuously advertised and driven internet traffic to the FOCUSfactor® website through use of affiliate marketers and have sold FOCUSfactor® as patented when it is not.

34. Defendants have violated 35 U.S.C. § 292(a), which provides in relevant part:

*Whoever without the consent of the patentee, marks upon, or affixes to, or uses in advertising in connection with anything made, used, offered for sale, or sold by such person within the United States, or imported by the person into the United States, the name or any imitation of the name of the patentee, the patent number, or the words "patent," "patentee," or the like, with the intent of counterfeiting or imitating the mark of the patentee, or of deceiving the public and inducing them to believe that the thing was made, offered for sale, sold, or imported into the United States by or with the consent of the patentee; or Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article the*

*word "patent" or any word or number importing the same is patented, for the purpose of deceiving the public; or Whoever marks upon, or affixes to, or uses in advertising in connection with any article the words "patent applied for," "patent pending," or any word importing that an application for patent has been made, when no application for patent has been made, or if made, is not pending, for the purpose of deceiving the public - Shall be fined not more than $500 for every such offense.*

35.  Each false marking on or advertising of a bottle of FOCUSfactor® has misled consumers about their options regarding dietary memory supplements and has stifled research into and development of competing products.  As such, Defendants' actions have harmed the public, its competitors, and the United States.

36.  Defendants have wrongfully and illegally advertised a patent monopoly that they do not possess and, as a result, have benefitted commercially and financially by maintaining false statements of patent rights and by selling products that are falsely marked as such.

37.  Defendants are therefore liable to plaintiff and to the United States under 35 U.S.C. §292 (b).  The public interest requires that Defendants be enjoined from further acts of false marking, pay civil penalties, and make restitution for their ill-gotten gains.

## VI.   PRAYER FOR RELIEF

Plaintiff seeks entry of judgment against Defendants as follows:

1.  A judicial determination that Defendants have violated 35 U.S.C. §292 by falsely advertising and marking FOCUSfactor® as "patented" for the purpose of deceiving the public;

2.  An order fining Defendants for false marking in an amount that is reasonable in light of the total revenue and gross profit derived from the sale of falsely

marked bottles of FOCUSfactor® and the degree of intent to falsely mark which is proven, with half of the fine paid to the United States Government and the other half to plaintiff;

3. An order preliminarily and permanently enjoining Defendants and their affiliates from committing new acts of false patent marking and to cease all existing acts of false patent marking;

4. An award of attorneys' fees and costs incurred in bringing and maintaining this action as to Defendants Vital Basics, Inc. and Factor Nutrition Labs, LLC, in part because the case is "exceptional" for purposes of the Patent Act; and

5. Any such other relief to which plaintiff, the United States, or the general public may be entitled.

Dated: July 9, 2010                    NEWPORT TRIAL GROUP
                                       A Professional Corporation


                                       By: /s/ Scott J. Ferrell
                                            Scott J. Ferrell

                                       Attorneys for Plaintiff

FIRST AMENDED COMPLAINT FOR FALSE PATENT MARKING

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure Section 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated: July 9, 2010            NEWPORT TRIAL GROUP
                               A Professional Corporation


                               By: */s/ Scott J. Ferrell*
                                   Scott J. Ferrell

                               Attorneys for Plaintiff

FIRST AMENDED COMPLAINT FOR FALSE PATENT MARKING