IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <u>ex rel.</u>, RANDY CARVER,<br><br>       Plaintiff,<br><br>   v.<br><br>FACTOR NUTRITION LABS, LLC; VITAL BASICS, INC.; and WALGREEN CO.,<br><br>       Defendants. | No. 10-02529 CW<br><br>ORDER GRANTING DEFENDANT FACTOR NUTRITION LABS, LLC'S MOTION TO DISMISS<br>(Docket No. 34) |

   In this <u>qui tam</u> action, Plaintiff Randy Carver, on behalf of himself and the United States, charges Defendant Factor Nutrition Labs, LLC, with false patent marking.  Factor Nutrition moves to dismiss Plaintiff's action.  Plaintiff opposes Factor Nutrition's motion.  The United States has not intervened or otherwise appeared in this action.  The motion was taken under submission on the papers.  Having considered the papers submitted by the parties, the Court GRANTS Factor Nutrition's motion.

                         BACKGROUND

   The following allegations are contained in Plaintiff's First Amended Complaint (1AC).

   Factor Nutrition owns, manufactures, advertises and distributes the FOCUSfactor brand of memory supplements.  To advertise the products, Factor Nutrition enlists "a great number of

affiliate marketers to drive internet traffic" to Factor Nutrition's FOCUSfactor website. 1AC ¶ 18. On their websites, the affiliates, using similar language, claim that FOCUSfactor is superior to competing products because it is patented. Plaintiff has "independently confirmed" with three affiliates that "the manufacturer" provided the text regarding FOCUSfactor's patented status. 1AC ¶ 23. However, FOCUSfactor is not patented.

Plaintiff pleads one claim of false patent marking, in violation of 35 U.S.C. § 292(a). He seeks an injunction prohibiting Factor Nutrition from engaging in future acts of false patent marking. He also asks the Court to assess against Factor Nutrition civil penalties proportional to "the total revenue and gross profit derived from the sale of" FOCUSfactor. 1AC at 12:28-13:1.

On August 16, 2010, the Clerk entered default against Defendant Vital Basics, Inc. Plaintiff has not moved for default judgment against Vital Basics, which Factor Nutrition claims was dissolved on July 22, 2009. See Kinsel Decl. in Support of Factor Nutrition Labs, LLC's Motion to Set Aside Entry of Default, Ex. A.

On September 20, 2010, Plaintiff voluntarily dismissed his claims against Defendant Walgreen Co.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Dismissal under Rule 12(b)(6) for failure to state a claim is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds

2

on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading. Id. at 296-97.

## DISCUSSION

In relevant part, the false marking statute provides, "Whoever . . . uses in advertising in connection with any unpatented article, the word 'patent' . . . for the purpose of deceiving the public . . . [s]hall be fined not more than $500 for every such

3

offense." 35 U.S.C. § 292(a). The "false marking statute is a criminal one, despite being punishable only with a civil fine." Pequignot v. Solo Cup Co., 608 F.3d 1356, 1363 (Fed. Cir. 2010); accord U.S. Gypsum Co. v. Pac. Award Metals, Inc., 438 F. Supp. 2d 1101, 1105 n.3 (N.D. Cal. 2006) (citing Mayview Corp. v. Rodstein, 620 F.2d 1347, 1359 (9th Cir. 1980)). "Any person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States." 35 U.S.C. § 292(b).

Because claims for false marking require proof of intent to deceive the public, courts have concluded that such claims sound in fraud and are subject to the heightened pleading requirement of Federal Rule of Civil Procedure 9(b). See, e.g., United States ex rel. Hallstrom v. Aqua Flora, Inc., 2010 WL 4054243, at *5 (E.D. Cal.); Shizzle Pop, LLC v. Wham-O, Inc., 2010 WL 3063066, at *4 (C.D. Cal.); Juniper Networks v. Shipley, 2009 WL 1381873, at *4 (N.D. Cal.). Rule 9(b) requires that, in "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Allegations subject to Rule 9(b) must state the "the who, what, when, where, and how of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). The purpose of Rule 9(b) is to "give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985).

4

1  Allegations of fraud based on information and belief usually do not
2  satisfy the particularity requirements of Rule 9(b); however, as to
3  matters peculiarly within the opposing party's knowledge,
4  allegations based on information and belief may satisfy Rule 9(b)
5  if they also state the facts upon which the belief is founded.
6  Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1439 (9th Cir.
7  1987).

8  Factor Nutrition argues that Plaintiff's claim attempts to
9  hold it criminally liable for the acts of third parties.  However,
10 nothing in the false marking statute precludes liability on the
11 part of defendants that advertise through other individuals or
12 entities.  Factor Nutrition does not identify any language
13 restricting liability to those defendants that personally
14 disseminate false advertising about an article's patent protection.
15 Plaintiff alleges that, for advertising purposes, Factor Nutrition
16 provided affiliates with false information that FOCUSfactor was
17 patented and did so with intent to mislead the public.  In other
18 words, Factor Nutrition, with ill intent, falsely advertised
19 through third parties that FOCUSfactor was patented.  This theory
20 of liability does not fail as a matter of law.

21 Factor Nutrition also asserts that Plaintiff's claim must fail
22 because its website truthfully represents that FOCUSfactor has a
23 patent pending.  Factor Nutrition notes that Plaintiff alleges that
24 its affiliates' only role is to "drive internet traffic to" its
25 website.  Plaintiff does not allege that Factor Nutrition's
26 affiliates independently sell and distribute FOCUSfactor.  Thus,
27 Factor Nutrition asserts, even if its affiliates' websites falsely

5

represent that FOCUSfactor is patented, its website corrects their alleged misstatements.  However, evidence of Factor Nutrition's website is not currently before the Court, and Plaintiff's complaint and documents attached thereto do not suggest that the website definitively cures any misrepresentation made by the affiliates.  Although the "bar for proving deceptive intent . . . is particularly high," Pequignot, 608 F.3d at 1363, Factor Nutrition has not established that, as a matter of law, Plaintiff is unable to meet his burden.

Although Plaintiff's theory of liability is not legally defective, he has failed to plead sufficient facts to support it as required under Rule 9(b).  Plaintiff does not plead how the alleged fraud operated or any facts regarding Factor Nutrition's relationship with its so-called affiliates.  He does not allege that Factor Nutrition deceived them or exercised control over them.  In contrast, he alleges that former Defendant Walgreen Co. "independently advertises the product in media over which it has exclusive control."  1AC ¶ 18.  Further, Plaintiff fails to plead the identities of the three affiliate marketers that stated that "the manufacturer" supplied them with the challenged text.  1AC ¶ 23.  Plaintiff does not even allege that Factor Nutrition is "the manufacturer" to which these marketers referred.

Plaintiff also does not aver under what circumstances Factor Nutrition supplied the text to its affiliates, such as who provided the text and when the proffer was made.  He argues in his complaint that "it stands to reason that at some point the manufacturer provided approved advertising text to its affiliate marketers."

6

1AC ¶ 23. The fact that the affiliates employed similar language supports a reasonable inference that the language originated from a common source; it does not necessarily follow, however, that Factor Nutrition was that source. Plaintiff must offer specific factual allegations to support his claim, not speculation based on argument.

Plaintiff's allegations fail to give Factor Nutrition sufficient notice of the alleged fraud. Accordingly, his complaint is dismissed with leave to amend to plead his false marking claim with sufficient specificity. In particular, he must plead facts explaining how the purported fraud operated; Factor Nutrition's relationship with its affiliates; whether Factor Nutrition was "the manufacturer" to which three of its affiliates referred; and the circumstances under which Factor Nutrition supplied the copy for the false advertising, that is, who at Factor Nutrition said what to whom and when.

## CONCLUSION

For the foregoing reasons, Factor Nutrition's motion to dismiss is GRANTED. (Docket No. 34.) The Court dismisses Plaintiff's complaint because it fails to comply with Rule 9(b). Plaintiff is granted leave to amend to cure the deficiencies identified above. Plaintiff may file an amended complaint within seven days of the date of this Order. Within fourteen days of the date the amended pleading is filed, Defendant shall file its answer or a motion to dismiss. If a motion to dismiss is filed, Plaintiff shall file his opposition fourteen days thereafter. Defendant's reply shall be due seven days after that. The motion will be taken

7

1  under submission on the papers.  Defendant shall not re-assert the
2  arguments the Court rejected above.
3       IT IS SO ORDERED.
4
5  Dated: 12/7/2010                    _____
                                        CLAUDIA WILKEN
6                                       United States District Judge

8